CLEVELAND BAR ASSOCIATION *v.* BERK.

[Cite as *Cleveland Bar Assn. v. Berk,* 114
Ohio St.3d 478, 2007-Ohio-4264.]

(No. 2007–0737—Submitted June 6, 2007—Decided August 29, 2007.)

**Per Curiam.**

{¶ 1} Respondent, Robert Jerome Berk of Cleveland, Ohio, Attorney Registration No. 0001031, was admitted to the Ohio bar in 1969. For the reasons that follow, we conclude that respondent's license to practice law in Ohio should be suspended for one year, with the suspension stayed on specified conditions. We also place respondent on probation for two years.

{¶ 2} On June 12, 2006, relator, Cleveland Bar Association, filed a complaint charging respondent with professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline held a hearing, considered the parties' agreed stipulations, and made findings of misconduct and a recommendation, which the board adopted.

Misconduct

{¶ 3} In January 2001, Bonita Bryant and her mother, Eartha Bryant, hired respondent to represent them in a personal-injury matter. Just prior to the expiration of the statute of limitations, respondent filed a lawsuit on the Bryants' behalf in January 2003.

{¶ 4} Respondent failed to attend a scheduled case-management conference on the matter in the Cuyahoga County trial court in April 2003 as well as the rescheduled conference the following month. At his disciplinary hearing, respondent described his failure to attend those conferences as "not good lawyering" and acknowledged that his conduct was "not reasonable or appropriate."

{¶ 5} Because the defendant named in the Bryants' lawsuit did not answer the complaint, the trial court ordered respondent to file a motion for default judgment within ten days after June 25, 2003. Respondent failed to file that motion, prompting the trial court to dismiss the Bryants' case for want of prosecution.

{¶ 6} Respondent refiled the case in January 2004, and the defendant again failed to respond to the complaint. A default hearing was scheduled in the trial court in Cuyahoga County for May 18, 2004, and respondent was ordered to provide certain documents that would allow the court to grant a default judgment against the defendant. Respondent did not provide the requested documents, and the case was again dismissed by the trial court for want of prosecution in December 2004.

{¶ 7} During the course of the representation, the Bryants asked respondent for financial assistance to help them pay housing costs and other personal expenses. Respondent gave each of them $500 as an advance on the settlement that he hoped to obtain for them from the defendant.

{¶ 8} In November 2004—before their second lawsuit was dismissed—the Bryants met with respondent and expressed their frustration about the long delay in getting the money that they believed they were entitled to receive from the defendant. Respondent testified at his disciplinary hearing that he believed the Bryants were "unlikely to get very much, if anything" from their pending personal-injury lawsuit. He paid each of them an additional $500 after they executed a settlement agreement that he had prepared. That agreement included a waiver of any rights that the Bryants may have had against respondent for his representation of them.

{¶ 9} Respondent acknowledged, and the panel and the board found, that respondent's actions violated the following Disciplinary Rules: DR 5–103(B) (prohibiting a lawyer from providing financial assistance or advancing funds to a client for expenses other than litigation costs), 6–101(A)(3) (barring an attorney from neglecting an entrusted legal matter), 6–102(A) (barring an attorney from attempting to exonerate himself or limit his liability to his client for personal malpractice), 7–101(A)(2) (prohibiting an attorney from intentionally failing to carry out a contract of professional employment), and 7–101(A)(3) (barring conduct that prejudices or damages a client).

## Sanction

{¶ 10} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board cited as an aggravating factor the pattern of misconduct evident in respondent's failure to attend court hearings and meet court deadlines. BCGD Proc.Reg. 10(B)(1)(c). Mitigating factors identified by the board included the absence of any prior disciplinary record, the absence of any dishonest or selfish motive on the part of respondent, his cooperative attitude during the disciplinary process,

and his good character and reputation. BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e).

{¶ 11} The parties recommended that respondent be suspended from the practice of law for one year, with the entire suspension stayed on specified conditions. The panel and the board agreed with that recommendation, although they also recommended that a monitor be appointed by relator to assist respondent with office-management issues in his law practice.

{¶ 12} We agree that respondent has committed the misconduct as described and agree that a one-year stayed suspension is the appropriate sanction. We have imposed a similar sanction in other cases. See, e.g., *Columbus Bar Assn. v. Micciulla,* 106 Ohio St.3d 19, 2005-Ohio-3470, 830 N.E.2d 332 (imposing a one-year stayed suspension on an attorney who had neglected client matters but who had no prior disciplinary record, had not acted with a dishonest or selfish motive, and had cooperated with the disciplinary process); *Columbus Bar Assn. v. Halliburton–Cohen* (2002), 94 Ohio St.3d 217, 761 N.E.2d 1040 (imposing a one-year stayed suspension on an attorney whose poor office-management practices had led her to violate ethical rules governing client funds); *Toledo Bar Assn. v. Westmeyer* (1988), 35 Ohio St.3d 261, 520 N.E.2d 223 (imposing a one-year stayed suspension on an attorney who had neglected a client matter and had tried to exonerate himself from liability for his malpractice).

{¶ 13} Accordingly, respondent is suspended from the practice of law in Ohio for one year with the entire suspension stayed, provided that respondent (1) commits no further misconduct during the suspension period and (2) complies with all continuing-legal-education requirements for Ohio attorneys and attends at least six hours of instruction on effective office-management practices. Additionally, respondent is placed on probation for a period of two years pursuant to Gov.Bar R. V(9). During the probation, respondent shall (1) allow the monitor appointed by relator pursuant to Gov.Bar R. V(9) to monitor his office-management practices and his compliance with the rules governing the professional conduct of attorneys and (2) work with the monitor to ensure that he attends scheduled court appearances and responds to court orders. If respondent violates any of the conditions of the stay or terms of the probation during the stayed portion of his suspension, the stay will be lifted, and respondent will serve the entire term as a period of actual suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

Reminger & Reminger Co., L.P.A., Gary H. Goldwasser, and Bradley J. Barmen, for relator.

Koblentz & Koblentz, Richard S. Koblentz, and Craig J. Morice, for respondent.