MAHONING COUNTY BAR ASSOCIATION *v.* HANNI.

[Cite as *Mahoning Cty. Bar Assn. v. Hanni*,

127 Ohio St.3d 367, 2010-Ohio-5771.]

*Attorneys — Misconduct — Failure to act with reasonable diligence and promptness in representing client — Engaging in conduct prejudicial to the administration of justice — Six-month suspension, all stayed.*

(No. 2010-1144 — Submitted September 15, 2010 — Decided December 2, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-056.

_____

**Per Curiam.**

{¶ 1} Respondent, Heidi A. Hanni, last known business address in Poland, Ohio, Attorney Registration No. 0074801, was admitted to the practice of law in Ohio in 2002. Relator, Mahoning County Bar Association, filed a multiple-count complaint against respondent in August 2009. The complaint alleged that respondent had, among other things, failed to provide prompt and diligent representation of a client and failed to report professional misconduct.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline heard testimony from respondent and four other witnesses and considered the matter on the stipulations submitted by relator and respondent. The panel recommended that respondent's license to practice law be suspended for six months and that the six-month suspension be stayed. The board accepted the recommendation, and neither party objected to the board's report. For the reasons that follow, we accept the board's findings of fact, conclusions of law, and recommended sanction.

**Misconduct**

{¶ 3} The parties stipulated to the following:

*The Plea Withdrawal*

{¶ 4} In July 2004, a motorist struck and killed a pedestrian. The motorist left the scene of the fatal accident and was subsequently charged with aggravated vehicular homicide, a felony of the second degree.

{¶ 5} In February 2007, the motorist-defendant executed a written plea of guilty pursuant to Crim.R. 11(F). In the plea agreement, the defendant stated that he intended to withdraw his former plea of not guilty and enter a plea of guilty to vehicular homicide, a felony in the third degree. The plea agreement stipulated that a term in prison was not mandatory and that a prison term was not presumed to be necessary. However, the defendant recognized that sentencing is a matter within the discretion of the court and that any agreement between counsel for the state and his attorney was merely a recommendation. This plea agreement was filed with the court on March 6, 2007. At this time, the defendant was represented by counsel other than respondent.

{¶ 6} Thereafter, the defendant appeared with his original counsel and the assistant prosecuting attorney before the trial judge. The judge accepted the defendant's plea of guilty to the amended charge and ordered that a presentence investigation be prepared. The sentencing hearing was scheduled for April 26, 2007.

{¶ 7} In the interim, the defendant changed his retained counsel. He entered into a written fee agreement with respondent on March 23, 2007. In the fee agreement, the defendant agreed "to pay a retainer fee of $5,000.00 which will be received by [respondent] prior to services being rendered." By its terms, the fee agreement did not include legal services for postjudgment matters, perfecting an appeal, or representing the defendant if an appeal was perfected by an adverse party.

**{¶ 8}** The defendant paid respondent $2,500 towards the $5,000 fee. After reviewing the procedural posture of the matter, respondent advised the defendant that it would be "next to impossible" to vacate his plea this late in the proceeding. As a result, respondent agreed to accept only $2,500, with the remainder of the fee due only if the court allowed the defendant to withdraw his plea.

**{¶ 9}** Prior to the sentencing hearing, respondent orally advised the judge that the defendant wanted to withdraw his plea of guilty. The judge stated that the plea agreement reached between the state and the defendant was fair and equitable and that the defendant's prior counsel had worked hard to reach the agreement. The judge indicated that he would not grant the request to withdraw the plea.

**{¶ 10}** Apparently relying upon this discussion with the judge, respondent never filed a written motion to withdraw the plea. Nor did respondent request to withdraw the plea at the sentencing hearing. Proceeding with sentencing, the judge found that a prison term was required and sentenced the defendant to four years. Respondent did not file any postsentencing motions on behalf of the defendant.

**{¶ 11}** The parties stipulated that under Ohio law, a motion to withdraw a plea prior to sentencing should be freely and liberally granted by the trial court and that if such a motion is filed, the judge is required to conduct a hearing to determine whether there are reasonable and legitimate grounds for the motion. Consequently, respondent's failure to request the transcript of the defendant's change-of-plea hearing following the plea agreement may have hindered her ability to determine whether the plea was entered knowingly and voluntarily.

**{¶ 12}** Thereafter, the defendant, acting pro se, filed several motions with the trial court. In these motions, he generally requested to withdraw or change his plea and vacate his sentence. He also asserted that he had retained respondent to withdraw the plea agreement because he had been confused when he entered the negotiated plea and did not understand the agreement because he was mentally ill.

All of these motions were overruled by the trial court. An appeal from these judgments was dismissed.

{¶ 13} The investigation by relator's certified grievance committee determined that the $2,500 respondent charged for withdrawing a plea was not in violation of the Ohio Rules of Professional Conduct. Respondent's attorney is holding in escrow the $2,500 paid by the defendant to respondent, and respondent has agreed to distribute the money to the defendant as repayment.

*The Radio Show*

{¶ 14} In January 2008, respondent appeared on a local radio program in the Youngstown area. At the time, respondent was a declared candidate in the Democratic primary election for the office of Mahoning County Prosecutor.

{¶ 15} During the show, respondent accused the incumbent Mahoning County Prosecutor of misconduct and alleged that the prosecutor and a defense attorney were acting unethically in a vehicular-homicide case pending before the Mahoning County Court of Common Pleas. In that particular case, the defendant was the driver of a car that had hit a tree, resulting in the death of the passenger in the car. Both the driver and the passenger were intoxicated and had cocaine in their blood.

{¶ 16} The Mahoning County Grand Jury declined to return an indictment on the charge of aggravated vehicular homicide against the driver. On the radio show, respondent implied that this result was caused by racism and case fixing. Unknown to respondent, the defendant-driver had testified before the Mahoning County Grand Jury and had also twice submitted to a polygraph examination and passed both times. Further, relator was unable to discover any evidence for either of respondent's allegations.

{¶ 17} Respondent also claimed that the Mahoning County Prosecutor had suppressed exculpatory evidence in a different case before the Mahoning County Court of Common Pleas. Respondent claimed that because the prosecutor

suppressed exculpatory evidence, the defendant was wrongly imprisoned for one and a half years. As a result of this allegation, the trial judge conducted an investigation and determined that there was no exculpatory evidence and, consequently, no exculpatory evidence to suppress. Relator investigated the same allegations and concluded that there was no probative or reasonable evidence to support them.

{¶ 18} Respondent admitted that her conduct in the plea-withdrawal case violated Prof.Cond.R. 1.3, which provides, "A lawyer shall act with *reasonable* diligence and promptness in representing a client." (Emphasis sic.) Respondent also admitted that her conduct on the radio show violated Prof.Cond.R. 8.4(d), which provides:

{¶ 19} "It is professional misconduct for a lawyer to do any of the following:

{¶ 20} " * * *

{¶ 21} " (d) engage in conduct that is prejudicial to the administration of justice."

{¶ 22} We accept the foregoing stipulations and find that respondent violated Prof.Cond.R. 1.3 and 8.4(d).

### Sanction

{¶ 23} In determining the appropriate sanction for an attorney's misconduct, we consider the aggravating and mitigating factors listed under Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Cuyahoga Cty. Bar Assn v. Poole*, 120 Ohio St.3d 361, 2008-Ohio-6203, 899 N.E.2d 950, ¶ 9. "Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take into account 'all relevant factors' in determining what sanction to impose. BCGD Proc.Reg.

10(B)." *Dayton Bar Assn. v. Schram*, 122 Ohio St.3d 8, 2009-Ohio-1931, 907 N.E.2d 311, ¶ 8.

{¶ 24} The parties stipulated to the aggravating factor that respondent has multiple offenses. BCGD Proc.Reg. 10(B)(1)(d). The parties also stipulated to several mitigating factors: (1) the absence of a prior disciplinary record, (2) a good-faith effort to make restitution or rectify consequences of misconduct, (3) full and free disclosure to the disciplinary board and a cooperative effort toward the proceedings, and (4) good character or reputation, as shown by respondent in letters and testimony. BCGD Proc.Reg. 10(B)(2)(a), (c), (d), and (e). The parties stipulated to a recommended sanction of a public reprimand.

{¶ 25} In considering the appropriate sanction, the panel noted, with respect to the plea-withdrawal case, that respondent acknowledged that she should have filed a written motion to withdraw the defendant's guilty plea or made an oral motion at sentencing and that she did neither. The panel also observed that as of the date of the disciplinary hearing, respondent had not yet made the restitution promised to the defendant.

{¶ 26} In connection with the radio show misconduct, respondent admitted that she had made the alleged statements. Respondent acknowledged that her remarks on the show were made "during the course of a rather heated political campaign" and that she had "apologized [to the defense attorney] privately and [was] willing to do so publicly in the event that [she was] requested to do so." The panel noted that respondent has apologized to both the prosecutor and defense attorney. The prosecutor testified that he had no recollection of respondent's apologizing to him, but he accepted the apology respondent offered at the hearing. The panel also remarked that respondent could offer no evidence to support her claims of improper conduct, racism, or suppressed exculpatory evidence.

{¶ 27} The panel accepted the stipulated disciplinary violations as well as the aggravating and mitigating factors. However, the panel also found that the serious nature of the unfounded accusations made on the radio show warranted a more serious sanction than a public reprimand. Because respondent allowed her desire for political office to override her obligation to her chosen profession, the panel recommended respondent's suspension from the practice of law for six months with the entire suspension stayed. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction.

{¶ 28} Based on the foregoing, we accept the board's recommended sanction and suspend respondent from the practice of law for a period of six months with the entire six months stayed on the condition that respondent commit no further misconduct. If respondent fails to comply with the condition of the stay, the stay will be lifted, and respondent will serve the entire six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Comstock, Springer & Wilson Co., L.P.A., and David C. Comstock Jr.; and Green, Haines, Sgambati Co., L.P.A., and Ronald E. Slipski, for relator.

Law Offices of Matthew C. Giannini, Matthew C. Giannini, and Mary Ann Fabrizi, for respondent.

_____