CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* BERK.

**[Cite as *Cleveland Metro. Bar Assn. v. Berk,***

**132 Ohio St.3d 82, 2012-Ohio-2167.]**

*Attorney—Misconduct—Neglect of client matters—Eighteen-month suspension stayed on conditions.*

(No. 2011-1049—Submitted November 18, 2011—Decided May 17, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-090.

_____

**Per Curiam**.

{¶ 1} Respondent, Robert J. Berk of Cleveland, Ohio, Attorney Registration No. 0001031, was admitted to the practice of law in Ohio in 1969. In August 2007, we suspended Berk's license to practice law for one year, but we stayed the entire suspension on conditions, including a requirement that Berk serve two years of monitored probation. *Cleveland Bar Assn. v. Berk*, 114 Ohio St.3d 478, 2007-Ohio-4264, 873 N.E.2d 285. To date, Berk has not applied for termination of his probation. See Gov.Bar R. V(9)(D).

{¶ 2} In October 2010, relator, Cleveland Metropolitan Bar Association, filed a two-count complaint, alleging that Berk's neglect of two client matters by twice failing to attend scheduled conferences in each case resulted in dismissal of his clients' actions.

{¶ 3} The parties entered into stipulations of fact, and a panel of the Board of Commissioners on Grievances and Discipline conducted a hearing in which it heard the testimony of Berk and three character witnesses. The panel found that Berk had committed the charged misconduct. While it recognized Berk's pattern of missed deadlines and court appearances, the majority of the

panel declined to recommend an actual suspension from the practice of law and instead recommended an 18-month fully stayed suspension and two years of monitored probation.

**{¶ 4}** The board adopted the panel's findings of fact and misconduct but adopted the dissenting panel member's recommendation that Berk's license be suspended for 18 months, with 12 months stayed. Berk objects to the board's findings of misconduct and to its recommended sanction, arguing that his conduct did not violate Prof.Cond.R. 1.3 and that the charges should therefore be dismissed. Alternatively, he argues that an actual suspension from the practice of law is not necessary to protect the public and will cause harm by depriving an underserved population of his legal representation.

**{¶ 5}** For the reasons that follow, we overrule Berk's objection to the board's finding of misconduct but sustain his objection to the recommended sanction. Accordingly, we adopt the sanction recommended by a majority of the panel and suspend Berk for 18 months, all stayed on conditions.

*Misconduct*

**{¶ 6}** In April 2007, Berk filed suit on behalf of Winston and Rachel Lewis and Irene Papadelis for damages resulting from an automobile accident. The plaintiffs voluntarily dismissed the case later that year but refiled it on August 21, 2008.

**{¶ 7}** The court scheduled a telephonic case-management conference for March 23, 2009, and ordered Berk to initiate the call, but he failed to do so. The court continued the matter to April 20, 2009, and stated in its entry that Berk's failure to appear at that conference might result in dismissal of the action. Berk failed to appear at the second conference, and the court dismissed the case without prejudice the following day.

**{¶ 8}** Berk moved the court for relief from the judgment entry of dismissal pursuant to Civ.R. 60(B), but the court denied the motion. The denial of

2

that motion was affirmed on appeal. The Lewises and Papadelis then sued Berk for malpractice. Although they voluntarily dismissed their malpractice action in February 2011, Berk's insurance carrier continued to discuss settlement even through the time of Berk's disciplinary hearing.

{¶ 9} Another client, Kenneth Render, was involved in an automobile accident in August 2005. In July 2007, Berk filed suit against the other driver on Render's behalf. The trial court scheduled a case-management conference for October 24, 2007. Although Berk was notified of the date, he failed to appear. The court subsequently scheduled a settlement conference, with the warning that Berk's failure to appear might result in dismissal of the case. After Berk failed to appear at the settlement conference, the trial judge dismissed the case with prejudice.

{¶ 10} Render obtained new counsel and moved the court for relief from judgment pursuant to Civ.R. 60(B), but his motion was denied on the grounds that Berk had failed to appear at two conferences, had failed to conduct or respond to discovery, and had failed to contact the court to explain his absence. The Eighth District Court of Appeals reversed the trial court's denial of the motion and held that Render was entitled to relief from judgment pursuant to Civ.R. 60(B)(5). *Render v. Belle*, 8th App. No. 93181, 2010-Ohio-2344. Render's case was subsequently settled and dismissed.

{¶ 11} The panel found that Berk's conduct in each of these two counts violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client). The board adopted the panel's findings of fact and misconduct. Berk, however, objects to these findings of misconduct, arguing that his lack of diligence is nothing more than simple negligence and that it should not be considered a violation of the Rules of Professional Conduct. Specifically, he contends that the comment to Prof.Cond.R. 1.3 states, "The lawyer disciplinary process is particularly concerned with lawyers who consistently fail to carry out

obligations to clients or consciously disregard a duty owed to a client." Prof.Cond.R. 1.3, comment 3.

{¶ 12} Prof.Cond.R. 1.3 requires a lawyer to act "with *reasonable diligence and promptness in representing a client*," and negligence is defined as "[t]he failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation." *Black's Law Dictionary* 1133 (9th Ed.2009). While neglect and negligence both involve the absence of reasonable care, we have recognized that neglect *usually* involves a pattern of omissions or ignored obligations. *Disciplinary Counsel v. Fowerbaugh*, 74 Ohio St.3d 187, 191, 658 N.E.2d 237 (1995), citing *Toledo Bar Assn. v. Dzienny*, 72 Ohio St.3d 173, 176, 648 N.E.2d 499 (1995).

{¶ 13} It is true that the charged misconduct involves only two clients out of the 400 to 450 client matters that Berk claims to handle each year. But in each of these cases, the trial court issued a judgment entry scheduling a new conference date after Berk had already missed one conference and warned Berk that his failure to attend might be grounds for dismissal. Despite those warnings, Berk did not appear at a second conference in each case, missing a total of four appearances. Thus, the conduct charged in this case is itself sufficient to constitute a pattern.

{¶ 14} Berk's conduct is also comparable to the conduct that led to his first disciplinary sanction. In that case, Berk failed to file a default motion when the defendant did not answer his client's complaint, and consequently, the trial court dismissed the case without prejudice for want of prosecution. *Berk*, 114 Ohio St.3d 478, 2007-Ohio-4264, 873 N.E.2d 285, ¶ 5. When the defendant did not answer the refiled complaint, Berk failed to provide requested documents that would have allowed the court to grant a default judgment. *Id.* at ¶ 6. Compounding his neglect and his intentional failure to carry out a contract of professional employment, Berk provided financial assistance to the affected

clients to help them pay for housing and other personal expenses, advised the clients that they were unlikely to benefit substantially from their personal-injury suit, and paid them $500 each to sign a settlement agreement that attempted to exonerate him from his professional malpractice. *Id.* at ¶ 7-9. To sanction Berk for that misconduct, we suspended him for one year but stayed the entire suspension on the conditions that Berk commit no further misconduct and complete a minimum of six hours of continuing legal education ("CLE") on effective office-management practices. We also placed Berk on probation for two years in accordance with Gov.Bar R. V(9). *Id.* at ¶ 13.

{¶ 15} We acknowledge that Berk has learned from some of his past mistakes. Rather than attempting to hide his failures as he has done in the past, he has accepted responsibility for his actions by obtaining new counsel (at his expense) for the affected clients to pursue remedial actions, and he has not defended himself against the malpractice action filed by one of the affected clients. Despite these improvements, however, Berk's underlying misconduct— the neglect of client matters—remains. Therefore, we conclude that Berk's conduct is not an isolated incident of negligence, but that it is a pattern of neglect that violates his obligations not only to the affected clients, but to this court and the profession as a whole.

{¶ 16} Accordingly, we overrule Berk's objection to the board's findings of fact and misconduct and adopt those findings as our own.

*Sanction*

{¶ 17} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors

listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 18}** As aggravating factors, the panel found that Berk had a prior disciplinary offense and engaged in a pattern of misconduct involving multiple offenses: two uncharged incidents involving show-cause orders issued for Berk's failure to attend certain bankruptcy hearings in addition to the misconduct charged herein. *See* BCGD Proc.Reg. 10(B)(1)(a), (c), and (d). The panel also expressed concern that Berk continued to carry a large caseload, despite his efforts to limit his representation to bankruptcy and consumer-debt issues.

**{¶ 19}** Mitigating factors found by the panel include the absence of a dishonest or selfish motive, Berk's full and free disclosure to the board, and his cooperative attitude toward the disciplinary proceedings. *See* BCGD Proc.Reg. 10(B)(2)(b) and (d). The panel also found that Berk had made a timely good-faith effort to rectify the consequences of his misconduct by paying for his clients' appellate counsel, insisting that appellate counsel blame him for the omissions that led to the dismissal of their clients' claims, and withdrawing his defense to a malpractice action filed by one of the affected clients. *See* BCGD Proc.Reg. 10(B)(2)(c). It also cited four letters from individuals attesting to Berk's reputation and good character, as well as the testimony of three long-term professional acquaintances regarding his many years of providing free or low-cost legal services to those who could not otherwise afford counsel. *See* BCGD Proc.Reg. 10(B)(2)(e). Moreover, the panel found that Berk had completed the six hours of continuing legal education in law-office management required by his prior sanction and that he had taken steps to improve his calendar system and his office organization.

**{¶ 20}** Recognizing Berk's dedication to his clients and his expressed remorse, the majority of the panel recommended that Berk's license be suspended for 18 months, all stayed on the conditions that he complete two years of

monitored probation. Emphasizing that Berk's conduct in the Render case occurred just two months into his earlier stayed suspension and that he failed to report his conduct in both the Render and Lewis matters to his practice monitor, the dissenting panel member recommended that only 12 months of the 18-month suspension recommended by the majority of the panel be stayed.

{¶ 21} While the board concurred with the panel's finding of aggravating and mitigating factors, it adopted the dissenting panel member's recommendation that Berk be suspended from the practice of law for 18 months with 12 months stayed and that he be required to serve two years of monitored probation.

{¶ 22} Berk objects to the recommended sanction, first arguing that his transgressions are administrative failures that do not involve dishonesty, deceit, theft, or a conscious disregard for the Rules of Professional Conduct and therefore that they do not warrant an actual suspension from the practice of law. He contends that in *Cleveland Bar Assn. v. Norton*, 116 Ohio St.3d 226, 2007-Ohio-6038, 877 N.E.2d 964, ¶ 11, 15, 20, 25, and *Allen Cty. Bar Assn. v. Brown*, 124 Ohio St.3d 530, 2010-Ohio-580, 925 N.E.2d 112, ¶ 4, 6, 20, we imposed stayed suspensions of six months and one year for comparable misconduct that could be attributed, at least in part, to poor organizational skills or office-management procedures. But what Berk fails to acknowledge is that neither Norton nor Brown had previously been disciplined for professional misconduct, as he has, and neither of them had committed additional misconduct just two months into a stayed suspension.

{¶ 23} Berk also contends that his prior disciplinary sanction has accomplished its intended goal of modifying his behavior and challenges the board's reliance on uncharged conduct as an aggravating factor weighing in favor of a greater sanction. As previously mentioned, Berk has refrained from efforts to cover up the misconduct at issue in this case and has sought to mitigate the damage sustained by the affected clients. Although he was ordered to attend at

least six hours of CLE instruction on effective office-management practices, he missed several court appearances and admits that the procedures he uses to maintain his calendar have changed little.

{¶ 24} While Berk has engaged in a pattern of neglecting client matters, this pattern affected a relatively small number of clients, and it does not appear that any of those clients have suffered irreparable harm. Berk has also provided a great deal of free or low-cost legal representation to those who otherwise could not afford to obtain such services.

{¶ 25} Alida Struze, who has retired after 42 years of service with the Cleveland Legal Aid Society, testified that Berk accepted well over 200 referrals from the Cleveland Legal Aid Society and represented those clients pro bono or for a small fee. She never received a complaint from the clients that she referred to Berk, and she observed that unlike many other attorneys, Berk would often take the time to meet with prospective clients—even if it did not appear that they had a very good case.

{¶ 26} The executive director for the Consumer Protection Association, Solomon Harge, testified that Berk's relationship with the association dated back to the early 1970s and that some of the association's counselors continue to send him five to eight clients a month. He related that many of the people who seek help from the association are elderly, unemployed, on welfare, mentally disabled, or just without money to handle their legal problems. Harge indicated that Berk would not say no when asked to help the disadvantaged, and he expressed his belief that the people who seek help from the association would be "severely underserved" if Berk could no longer assist them.

{¶ 27} We have considered an attorney's history of low- or no-cost legal services to underserved clients as a mitigating factor in the past, though we have emphasized that "service to indigent clients, while mitigating, does not immunize

8

a lawyer from discipline for misconduct." *Disciplinary Counsel v. Rohrer*, 124 Ohio St.3d 65, 2009-Ohio-5930, 919 N.E.2d 180, ¶ 51.

{¶ **28**} We do not condone Berk's pattern of neglecting client matters. Nor do we give him a free pass based upon his extensive pro bono work. But balancing those services, his acceptance of responsibility for his inaction, and his excellent character and reputation outside of the charged misconduct against the limited instances of his neglect, we conclude that an actual suspension from the practice of law is not necessary to protect the public at this time. Therefore, we sustain Berk's second objection and adopt the sanction recommended by the panel majority.

{¶ **29**} Accordingly, Robert J. Berk is hereby suspended from the practice of law in Ohio for 18 months, all stayed on the conditions that he commit no further misconduct and that he serve a two-year term of probation in accordance with Gov.Bar R. V(9)(D) with an experienced monitor who is familiar with the disciplinary system and law-office management. If respondent fails to comply with the conditions of the stay, the stay shall be lifted, and respondent shall serve the full 18-month suspension. Costs are taxed to Berk.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., concur.

O'CONNOR, C.J., and LANZINGER and MCGEE BROWN, JJ., dissent and would impose an 18-month suspension with 12 months stayed and a two-year period of monitored probation following the suspension, as recommended by the board.

_____

David O. Simon and Heather M. Zirke, for relator.

Michael E. Murman, for respondent.

_____