[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mahoning Cty. Bar Assn. v. Hanni,* Slip Opinion No. 2016-Ohio-1174.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1174

MAHONING COUNTY BAR ASSOCIATION *v.* HANNI.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mahoning Cty. Bar Assn. v. Hanni,* Slip Opinion No. 2016-Ohio-1174.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Conditionally stayed one-year suspension.*

(No. 2015-1630—Submitted November 17, 2015—Decided March 24, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-086.

_____

**Per Curiam.**

{¶ 1} Respondent, Heidi A. Hanni of Poland, Ohio, Attorney Registration No. 0074801, was admitted to the practice of law in Ohio in 2002. On December 2, 2010, we imposed a conditional suspension of her license to practice law for six months for her neglect of a client matter and certain unsubstantiated allegations of ethical misconduct that she had made against the incumbent county prosecutor.

*Mahoning Cty. Bar Assn. v. Hanni*, 127 Ohio St.3d 367, 2010-Ohio-5771, 939 N.E.2d 1226.

{¶ 2} In a complaint filed with the Board of Commissioners on Grievances and Discipline[1] on December 19, 2014, relator, Mahoning County Bar Association, alleged that Hanni violated four Rules of Professional Conduct by failing to appear at scheduled client meetings and the final court hearing in a grandparent-custody matter.

{¶ 3} The parties entered into stipulations of fact and agreed that Hanni neglected the clients' matter, failed to keep them reasonably informed about the matter, and engaged in conduct that was prejudicial to the administration of justice. They also stipulated to one aggravating factor and four mitigating factors and jointly recommended that Hanni be suspended for 12 months with the entire suspension stayed on conditions.

{¶ 4} A panel of the Board of Professional conduct heard Hanni's testimony and unanimously adopted the parties' stipulated findings of fact, misconduct, aggravating and mitigating factors, and recommended sanction. The board adopted the panel report in its entirety. We adopt the board's findings of fact and misconduct and agree that a 12-month suspension, fully stayed on conditions, is the appropriate sanction in this case.

**Misconduct**

{¶ 5} In September 2014, Donald and Diane Goodwin, who had legal custody of their minor grandson, retained Hanni to represent them in a custody dispute after the boy's father moved for custody in the Columbiana County Juvenile Court. They paid Hanni a retainer of $2,968 for her representation.

---

[1] Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

**{¶ 6}** During Hanni's representation, she failed to appear for three scheduled appointments with the Goodwins and did not notify them in advance of her absence. She also sought to continue a hearing scheduled several weeks after her mother's death on the ground that she was in Columbus tending to her daughter, who was despondent following the death of her grandmother. She mailed the motion to opposing counsel two days before the hearing and faxed it to the court the afternoon before the hearing, but the motion did not come to the attention of the magistrate or Hanni's clients until the morning of the hearing. The magistrate initially denied the motion but granted it upon learning that Hanni was already in Columbus.

**{¶ 7}** Although the order rescheduling the hearing stated that no further continuances would be granted, Hanni called the court the day before the next scheduled hearing to request a continuance on the ground that she was ill. When court personnel informed her that her motion would be denied if it was filed, Hanni attempted to engage substitute counsel but discovered that the attorney had a conflict that disqualified him from the representation. She faxed a motion for continuance to the court on the morning of the hearing stating that she was battling a severe bronchial infection and that she had an appointment to see her doctor that morning. She also attached a doctor's excuse she had received the preceding week in an apparent effort to demonstrate that she was suffering from an ongoing illness that had not responded to earlier treatment. Because the doctor's excuse stated that Hanni was able to return to work five days before the scheduled hearing, the magistrate instructed court personnel to inform her that the hearing would go forward. After Hanni failed to appear, the Goodwins waived their right to counsel and represented themselves. They ultimately prevailed and retained custody of their grandson.

**{¶ 8}** The parties stipulated and the panel and board found that Hanni's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable

diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep a client reasonably informed about the status of a matter), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). The panel also unanimously dismissed two other alleged violations. *See* Gov.Bar R. V(12)(G).

{¶ 9} We adopt the board's findings of fact and misconduct.

### Sanction

{¶ 10} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. We also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13).

{¶ 11} Here, the parties stipulated and the board found that the relevant mitigating factors include the absence of a dishonest or selfish motive, Hanni's full and free disclosure to the board and full cooperation in the disciplinary proceeding, her payment of full restitution, and evidence of her good character and reputation apart from her misconduct. *See* Gov.Bar R. V(13)(C)(2) through (5). In addition, there is no evidence that the Goodwins suffered any lasting harm as the result of Hanni's misconduct. And the only aggravating factor present is Hanni's prior misconduct, for which she served a stayed six-month suspension. *Mahoning Cty. Bar Assn. v. Hanni*, 127 Ohio St.3d 367, 2010-Ohio-5771, 939 N.E.2d 1226.

{¶ 12} The parties and the board recommend that Hanni be suspended from the practice of law for one year, fully stayed on the conditions that she serve a one-year period of monitored probation in which the monitor shall act as a mentor and provide guidance regarding the proper operation and management of Hanni's law practice and that she complete six hours of continuing-legal-education ("CLE") courses that address law-office operation and management and are approved by relator. In support of that sanction, the parties and the board cite two cases—

*Cleveland Metro. Bar Assn. v. Berk*, 132 Ohio St.3d 82, 2012-Ohio-2167, 969 N.E.2d 256; and *Disciplinary Counsel v. Oberholtzer*, 136 Ohio St.3d 314, 2013-Ohio-3706, 995 N.E.2d 217.

{¶ 13} In *Berk*, we imposed an 18-month suspension, fully stayed on the condition that the attorney complete a period of monitored probation, after he failed to attend scheduled conferences in two client matters, resulting in the dismissal of both cases. Berk did not act with a dishonest or selfish motive, cooperated in the disciplinary investigation, made a timely, good-faith effort to rectify the consequences of his misconduct, and presented evidence of his good character, but he also had a prior disciplinary record and engaged in a pattern of neglecting matters that caused irreparable harm to his clients. *Id.* at ¶ 18-19.

{¶ 14} And in *Oberholtzer*, we suspended an attorney for 12 months, all stayed on conditions, for engaging in a pattern of misconduct by neglecting two matters, failing to respond to a client's reasonable request for information about the representation, and failing to deposit a retainer into his client trust account. Oberholtzer did not have a prior disciplinary record, but he initially failed to cooperate in the relator's investigation. *Id.* at ¶ 30-31.

{¶ 15} When attorneys who have no prior disciplinary record have neglected one or two matters and failed to reasonably communicate with the affected clients, we often suspend them from the practice of law for six months, all stayed on conditions. *See, e.g.*, *Mahoning Cty. Bar Assn. v. Malvasi*, 143 Ohio St.3d 140, 2015-Ohio-2361, 34 N.E.3d 916 (imposing a fully stayed six-month suspension, one year of monitored probation, and law-office-management training on an attorney who neglected a single matter, failed to reasonably communicate with the clients, and failed to deposit the clients' retainer into his client trust account); *Dayton Bar Assn. v. Hooks*, 139 Ohio St.3d 462, 2014-Ohio-2596, 12 N.E.3d 1212 (imposing a stayed six-month suspension, fully stayed on conditions including 12 hours of law-office-management training, on an attorney who failed

to file documents regarding the modification of a client's child-support obligation and failed to reasonably communicate with the client, who continued to pay child support for a child who was living with him).

**{¶ 16}** But when an attorney's neglect and failure to communicate have also involved making false statements to the affected clients, we have imposed an actual suspension from the practice of law. *See, e.g.*, *Disciplinary Counsel v. Raso*, 129 Ohio St.3d 277, 2011-Ohio-2900, 951 N.E.2d 755 (imposing a six-month actual suspension on an attorney whose only prior discipline was an attorney-registration violation after he neglected two matters and deliberately made false representations to both clients); *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935 (imposing a six-month actual suspension on an attorney with no prior discipline who neglected a client's case, fabricated letters in an attempt to conceal that neglect, and then failed to timely respond to the ensuing disciplinary investigation).

**{¶ 17}** Here, Hanni neglected a single matter by seeking to continue two custody hearings without giving adequate notice to her clients or the court. Rather than delay the matter the second time, her clients elected to forego legal representation and proceed pro se. Fortunately, they prevailed and maintained custody of their minor grandson. Given the significant mitigating factors present in this case—and in spite of Hanni's prior discipline—we agree that a one-year suspension, fully stayed on the conditions that Hanni serve one year of monitored probation and the completion of six hours of CLE in law-office operation and management, will adequately protect the public from future misconduct.

**{¶ 18}** Accordingly, Heidi A. Hanni is suspended from the practice of law for one year, fully stayed on the conditions that she serve a one-year period of monitored probation pursuant to Gov.Bar R. V(21), complete six hours of continuing-legal-education courses that address law-office operation and management and are approved by relator, and engage in no further misconduct. If

Hanni fails to abide by these conditions, the stay will be lifted and she will serve the full one-year suspension.  Costs are taxed to Hanni.

Judgment accordingly.

O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and PFEIFER, J., dissent and would impose a suspension of one year with no portion stayed.

_____

Donald C. Comstock Jr. and Ronald E. Slipski, for relator.

John B. Juhasz, for respondent.

_____