**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. Thomas,* **Slip Opinion No. 2018-Ohio-3267.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3267

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* THOMAS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Thomas,* Slip Opinion No. 2018-Ohio-3267.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Conditionally stayed one-year suspension.*

(No. 2017-1730—Submitted January 24, 2018—Decided August 16, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-038.

_____

**Per Curiam.**

**{¶ 1}** Respondent, Sam Thomas III, of Shaker Heights, Ohio, Attorney Registration No. 0067848, was admitted to the practice of law in Ohio in 1997. In 2010, we imposed a stayed six-month suspension on him for filing a misleading document in a client's bankruptcy proceeding and neglecting a different client's personal-injury case. *See Cleveland Metro. Bar Assn. v. Thomas*, 125 Ohio St.3d

24, 2010-Ohio-1031, 925 N.E.2d 959. In August 2017, relator, Cleveland Metropolitan Bar Association, filed a complaint alleging that Thomas had violated the professional-conduct rules in another client matter. The Board of Professional Conduct considered the case on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

**{¶ 2}** In the agreement, Thomas admitted that while representing a married couple in a foreclosure case, he filed a brief in opposition to a summary-judgment motion six days past the deadline and he later failed to respond to the court's order to show cause as to why he filed the brief late. Noting that Thomas had failed to respond to the show-cause order, the court ultimately granted summary judgment against Thomas's clients. The clients paid Thomas a flat fee to represent them on appeal. Thomas's fee agreement, however, indicated that "no part [of the fee] shall be returned to the Client," and Thomas failed to simultaneously notify the client who signed the agreement that she may be entitled to a refund of all or a part of the fee if he did not complete the representation. The court of appeals ultimately affirmed the trial court's summary-judgment decision.

**{¶ 3}** Based on this conduct, the parties stipulated that Thomas violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client) and 1.5(d)(3) (prohibiting a lawyer from charging a fee denominated as "nonrefundable" without simultaneously advising the client in writing that the client may be entitled to a refund of all or part of the fee if the lawyer does not complete the representation).

**{¶ 4}** The parties agreed to the existence of one aggravating factor—that Thomas has prior discipline. *See* Gov.Bar R. V(13)(B)(1). In mitigation, the parties stipulated that Thomas lacked a dishonest or selfish motive, he made full and free disclosures to the board and had a cooperative attitude toward the disciplinary proceedings, and he instituted office-management practices designed to prevent similar misconduct in the future. *See* Gov. Bar R. V(13)(C)(2) and (4).

The consent-to-discipline agreement also indicated that Thomas had signed a three-year mental-health contract with the Ohio Lawyers Assistance Program ("OLAP") and that he was in counseling for issues relating to depression, anxiety, and organizational problems.

{¶ 5} As a sanction, the parties jointly recommended that Thomas serve a one-year suspension, stayed in its entirety on conditions, including a one-year period of monitored probation. To support its recommendation, the parties cited several cases with similar misconduct and aggravating and mitigating factors, including *Disciplinary Counsel v. Simon*, 146 Ohio St.3d 44, 2016-Ohio-535, 51 N.E.3d 605 (imposing a stayed six-month suspension on an attorney who failed to reasonably communicate with clients in two separate matters; the attorney had a prior disciplinary record but lacked a dishonest or selfish motive), and *Mahoning Cty. Bar Assn. v. Hanni*, 145 Ohio St.3d 492, 2016-Ohio-1174, 50 N.E.3d 542 (imposing a conditionally stayed one-year suspension on an attorney who neglected a client's child-custody matter; the attorney had a prior disciplinary record but lacked a dishonest or selfish motive and cooperated in the disciplinary process).

{¶ 6} The board found that the consent-to-discipline agreement conformed to the requirements of Gov.Bar R. V(16), and it recommends that we adopt the agreement. The board noted that a conditionally stayed one-year suspension is the appropriate sanction here—although it may be more severe than would otherwise be warranted for Thomas's misconduct—because this is his second disciplinary case. The board also concluded that Thomas's efforts to institute improved office-management practices, his willingness to submit to monitored probation, and his participation in counseling for his mental disorder weighed against the imposition of an actual suspension.

{¶ 7} We agree that Thomas violated Prof.Cond.R. 1.3 and 1.5(d)(3) and, in accord with the precedents cited in the parties' agreement, that a conditionally

stayed one-year suspension is the appropriate sanction in this case. We therefore adopt the parties' consent-to-discipline agreement.

{¶ 8} Sam Thomas III is hereby suspended from the practice of law for one year, with the entire suspension stayed on the conditions that he (1) serve a one-year term of monitored probation pursuant to Gov.Bar R. V(21), (2) complete at least six hours of continuing legal education relating to law-practice management, in addition to the requirements of Gov.Bar R. X, within one year of this court's disciplinary order, (3) maintain compliance with his three-year OLAP contract dated May 17, 2017, and (4) engage in no further misconduct. If Thomas fails to comply with any condition of the stay, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to Thomas.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, and DEWINE, JJ., concur.

KENNEDY, J., concurs in judgment only, with an opinion.

DEGENARO, J., not participating.

_____

**KENNEDY, J., concurring in judgment only.**

{¶ 9} I concur in the majority's decision to suspend respondent, Sam Thomas III, from the practice of law for one year, with the entire suspension stayed on satisfaction of the stated conditions. I write separately because the Board of Professional Conduct improperly considered Thomas's mental-health issues as a mitigating factor.

{¶ 10} When imposing sanctions for attorney misconduct, we consider the mitigating factors listed in Gov.Bar R. V(13)(C). *Disciplinary Counsel v. Pickrel*, 151 Ohio St.3d 466, 2017-Ohio-6872, 90 N.E.3d 853, ¶ 10. Relevant currently is Gov.Bar R. V(13)(C)(7), which permits the existence of a mental disorder or

chemical dependency to be considered a mitigating factor "when there has been all of the following":

> (a) A diagnosis of a disorder by a qualified health care professional or qualified chemical dependency professional;
>
> (b) A determination that the disorder contributed to cause the misconduct;
>
> (c) In the case of mental disorder, a sustained period of successful treatment or in the case of substance use disorder or nonsubstance-related disorder, a certification of successful completion of an approved treatment program;
>
> (d) A prognosis from a qualified health care professional or qualified chemical dependency professional that the attorney will be able to return to competent, ethical professional practice under specified conditions.

If any one of these four requirements is not established, the mental disorder or qualified chemical dependency may not be considered as mitigation. *See*, *e.g.*, *Disciplinary Counsel v. Joltin*, 147 Ohio St.3d 490, 2016-Ohio-8168, 67 N.E.3d 780, ¶ 22 (board did not consider attorney's mental-health issues to be mitigating factors in absence of proof that they caused his misconduct).

{¶ 11} In this matter, the parties entered into a consent-to-discipline agreement, which set forth stipulations of aggravating and mitigating factors. One of the stipulations of mitigation was the fact that Thomas had entered into an Ohio Lawyers Assistance Program contract, was in compliance with its terms, and was working with a counselor for issues related to depression and anxiety. While the board recognized that the stipulation did not satisfy Gov.Bar R. V(13)(C)(7), it nevertheless found it "appropriate to give some weight in mitigation to the

diagnosed disorder for which [Thomas] has sought counseling." Because the stipulation fails to satisfy Gov.Bar R. V(13)(C)(7), I would not afford Thomas's mental-health issues any weight in mitigation.

{¶ 12} Therefore, I respectfully concur in judgment only.

_____

Weston Hurd, L.L.P., and Steven L. Wasserman; and Heather M. Zirke and Kari L. Burns, Bar Counsel, for relator.

Sam Thomas III, pro se.

_____