DISCIPLINARY COUNSEL *v.* OBERHOLTZER.

[Cite as *Disciplinary Counsel v. Oberholtzer,* 136 Ohio St.3d 314,

2013-Ohio-3706.]

*Attorney discipline—Neglect of client matters—Trust-account violation—Failure to cooperate in disciplinary matter—One-year suspension, stayed on conditions.*

(No. 2012-2073—Submitted February 6, 2013—Decided September 4, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-112.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Mattheuw William Oberholtzer of Canton, Ohio, Attorney Registration No. 0041239, was admitted to the practice of law in Ohio in 1989.

**{¶ 2}** In a December 5, 2011 complaint, relator, disciplinary counsel, charged Oberholtzer with two counts of professional misconduct, based on his client neglect in two family-law matters. Specifically, Oberholtzer was charged with misconduct relating to his (1) representation of David and Brenda Ward in a custody dispute, (2) representation of Carmen Nantwi in a child-support dispute, and (3) failure to cooperate with the investigation of both matters by relator. (Disciplinary counsel also charged a third count of misconduct, but later withdrew that count.)

**{¶ 3}** The parties stipulated that Oberholtzer's representation of the Wards (Count I) violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.15(c)

(requiring a lawyer to deposit advance legal fees and expenses into a client trust account, to be withdrawn by the lawyer only as fees are earned or expenses incurred), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 4} They also stipulated that Oberholtzer's representation of Nantwi (Count II) violated Prof.Cond.R. 1.3, 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 8.4(d), and 8.4(h).

{¶ 5} Finally, because Oberholtzer was nonresponsive and failed to cooperate with relator's investigation of both matters, the parties stipulated to violations of Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), 8.4(d), and 8.4(h) and Gov.Bar R. V(4)(G) (prohibiting a lawyer from neglecting or refusing to assist in a disciplinary investigation).

{¶ 6} After a hearing, a panel of the Board of Commissioners on Grievances and Discipline accepted all but one of the stipulations. The panel recommended dismissing the charged trust-account violation, Prof.Cond.R. 1.15(c), because it found "no evidence, whether in the record or adduced at hearing, * * * to substantiate the charge[]."

{¶ 7} The board adopted the panel's findings of fact, conclusions of law, and recommendation.[1] Consistent with the stipulations and panel recommendations, the board recommends that we suspend Oberholtzer from the practice of law for 12 months, with the entire suspension stayed on two

---

1. It is unclear whether the board found a violation of Prof.Cond.R. 1.15(c). In its report, the board stated that it agreed with all of the panel's findings of fact and conclusions of law. However, the board mistakenly believed that "the panel determined * * * that [Oberholtzer] committed each of the rule violations alleged in the formal complaint."

conditions: (1) Oberholtzer must fully cooperate with a monitoring attorney, appointed by disciplinary counsel, for the entire period of suspension, and (2) he must complete a three-hour continuing-legal-education course on law-office management. Neither party filed objections to the board's report.

{¶ 8} For the reasons that follow, we adopt the board's findings of fact and agree that a 12-month suspension, stayed on the two specified conditions, is the appropriate sanction in this case.

## Misconduct

### Count I—The Ward Matter

{¶ 9} On August 22, 2009, David and Brenda Ward retained Oberholtzer to represent them in a custody matter involving their granddaughter. At that time, the Wards gave Oberholtzer a $2,500 retainer. According to the stipulations, Oberholtzer negotiated the check but did not deposit it into his trust account.

{¶ 10} Oberholtzer prepared a complaint for legal custody of the granddaughter and a request for oral hearing, two affidavits, and a declaration. He sent the documents to the Wards for signatures on October 1, 2009. The Wards returned the signed documents, along with a check made out to the Auglaize County Juvenile Court, to Oberholtzer for filing with the court. Oberholtzer did not file the documents.

{¶ 11} The Wards telephoned Oberholtzer about their case on numerous occasions, leaving messages. Oberholtzer generally returned (or attempted to return) their calls, but was occasionally slow to do so.

{¶ 12} As of October 2010, Oberholtzer had still not filed anything for the Wards in court. On October 6, 2010, Mrs. Ward filed a grievance with relator.

{¶ 13} Relator began to investigate. Oberholtzer did not respond to relator's first letter of inquiry, but he sent a brief facsimile response to relator's second letter of inquiry. Relator sent three additional letters to Oberholtzer

requesting more information. Oberholtzer replied to the first two letters, but he never answered the third.

{¶ 14} In December 2010, Oberholtzer contacted Mrs. Ward to discuss the concerns raised in her grievance. At the end of the conversation, Oberholtzer promised to call Mrs. Ward again the next day. Oberholtzer did not call, but on December 16, 2010, he sent another copy of the documents the Wards had originally signed in October 2009. The Wards again executed and returned the documents to Oberholtzer, but he still did not file anything for the Wards until April 2012.

{¶ 15} On April 24, 2012, Oberholtzer filed a motion to terminate or modify the guardianship for the child in an ongoing juvenile case. He later amended the motion and submitted a separate motion to intervene in the juvenile case.

{¶ 16} In August 2012, the juvenile court dismissed the Wards' motion to terminate the guardianship for failure to serve the defendant, the child's father. Oberholtzer sought to vacate the court's order and requested leave to serve the defendant by publication. These motions were still pending at the time of the panel's hearing, on September 18, 2012.

{¶ 17} The parties stipulated, and the board found, that Oberholtzer had violated the following rules during his representation of the Wards: Prof.Cond.R. 1.3, 1.4(a)(3), 8.4(d), and 8.4(h). They also found that by failing to respond to relator's third letter requesting additional information, Oberholtzer had violated Prof.Cond.R. 8.1(b), 8.4(d), and 8.4(h) and Gov.Bar R. V(4)(G). On the board's recommendation, we adopt these stipulated findings of fact and misconduct.

{¶ 18} We also adopt the parties' stipulation of Oberholtzer's violation of Prof.Cond.R. 1.15(c). The panel recommended that the board dismiss this charge, stating that "no evidence, whether in the record or adduced at hearing, exists to substantiate the charged IOLTA violation in Count 1." But the board found clear

4

and convincing evidence of "violations of all the disciplinary rules charged in the formal complaint."

{¶ 19} We agree with the board. The record indicates that Oberholtzer cashed the Wards' check on August 25, 2009, but he did not deposit the money in his trust account. The record contains no other evidence about where the money was deposited or whether it was deposited in the trust account at a later time. Based on this evidence, the record clearly and convincingly establishes a violation of Prof.Cond.R. 1.15(c).

*Count II—The Nantwi Matter*

{¶ 20} On January 13, 2011, Carmen Nantwi retained Oberholtzer to represent her in a child-support dispute. She paid him a $1,000 retainer.

{¶ 21} That same day, Oberholtzer appeared at a preliminary hearing on Nantwi's behalf. During the hearing, the court scheduled an evidentiary hearing for March 16, 2011. Oberholtzer and Nantwi discussed a strategy for the evidentiary hearing. Oberholtzer asked Nantwi to send him evidence supporting her position, and she did.

{¶ 22} When Nantwi arrived for the evidentiary hearing on March 16, 2011, Oberholtzer was not there. Attorney Celeste DeHoff, whom Nantwi had never met, informed Nantwi that Oberholtzer was tied up in another hearing. Nantwi e-mailed Oberholtzer the next day, expressing concern about his failure to appear at the evidentiary hearing. Oberholtzer never replied.

{¶ 23} In April 2011, Nantwi filed a grievance with relator. Relator sent Oberholtzer two letters of inquiry, but he did not respond to either.

{¶ 24} In May 2011, Nantwi contacted relator in an effort to retrieve the evidence she had given Oberholtzer to support her position; Nantwi needed the information for an upcoming hearing. Relator called Oberholtzer, and he promptly sent Nantwi's case file.

**{¶ 25}** In July 2011, relator sent Oberholtzer a letter inquiring about Nantwi's allegations. Oberholtzer again failed to respond.

**{¶ 26}** Days before the panel's hearing in this matter, Oberholtzer sent Nantwi a letter of apology and a check refunding her $1,000 fee. Oberholtzer had tried to return Nantwi's money previously, but his letters had been returned marked "undeliverable."

**{¶ 27}** The parties stipulated, and the board found, that Oberholtzer had violated the following rules during his representation of Nantwi: Prof.Cond.R. 1.3, 1.4(a)(4), 8.4(d), and 8.4(h). They also found that by failing to respond to relator's three letters, Oberholtzer had violated Prof.Cond.R. 8.1(b), 8.4(d), and 8.4(h) and Gov.Bar R. V(4)(G).

**{¶ 28}** On the recommendation of the board, we adopt the stipulated findings of fact and misconduct as to Count II.

### Sanction

**{¶ 29}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take into account "all relevant factors" in determining what sanction to impose. BCGD Proc.Reg. 10(B).

**{¶ 30}** As to aggravating factors, the board accepted the parties' stipulation of three aggravating factors: Oberholtzer engaged in a pattern of misconduct, he committed multiple offenses, and he did not initially cooperate in the disciplinary process. *See* BCGD Proc.Reg. 10(B)(1)(c), (d), and (e).

**{¶ 31}** The parties stipulated to three mitigating factors, which we accept. Oberholtzer had no prior disciplinary record, he lacked a selfish or dishonest motive, and he cooperated at later stages of the disciplinary proceedings by agreeing to stipulations, appearing at the hearing, and expressing remorse. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), and (d).

**{¶ 32}** At the hearing, Oberholtzer explained serious personal and family medical issues that affected his representation of the Wards and Nantwi. Oberholtzer is the primary caregiver for his permanently disabled wife. In early 2009, Oberholtzer underwent four spinal surgeries in the span of nine weeks. He then suffered life-threatening staph and MRSA infections. As Oberholtzer and his brother-in-law, attorney Steven Okey, testified, Oberholtzer was in very poor health through 2011. As Okey put it, Oberholtzer attempted to "soldier on" with his law practice during this period, with great difficulty.

**{¶ 33}** Oberholtzer apologized to the hearing panel for his "less than acceptable service." According to Oberholtzer, he has taken actions to improve his office procedures and client communications. He apologized to Nantwi and the Wards, and he has repaired his relationship with the Wards; indeed, he still represented them at the time of his disciplinary hearing. Oberholtzer also submitted a favorable character reference from another client.

**{¶ 34}** The parties have stipulated, and the board recommends, that the appropriate sanction for Oberholtzer's misconduct is a 12-month suspension, with the entire suspension stayed on two conditions. First, Oberholtzer must fully cooperate with a monitoring attorney, appointed by disciplinary counsel, for the entire period of suspension. Second, he must complete a three-hour continuing-legal-education course on law-office management.

**{¶ 35}** Our decisions in cases involving similar violations indicate that a 12-month suspension, stayed upon these conditions, is appropriate here. In other cases in which an attorney has neglected more than one client matter and failed to

respond to disciplinary investigations, we have issued six-month suspensions, stayed on conditions. *E.g., Disciplinary Counsel v. Shuler*, 129 Ohio St.3d 509, 2011-Ohio-4198, 954 N.E.2d 593; *Cleveland Bar Assn. v. Norton*, 116 Ohio St.3d 226, 2007-Ohio-6038, 877 N.E.2d 964. However, in some cases of client neglect, we have issued longer suspensions based on the aggravation and mitigation presented. *E.g., Allen Cty. Bar Assn. v. Brown*, 124 Ohio St.3d 530, 2010-Ohio-580, 925 N.E.2d 112 (12-month suspension, stayed); *Toledo Bar Assn. v. Farah,* 125 Ohio St.3d 455, 2010-Ohio-2116, 928 N.E.2d 1097 (same). In each case, we tailor the conditions for staying a suspension to the causes of the attorney's misconduct. *Brown* at ¶ 16. Given the circumstances of this case, we find that a 12-month suspension, stayed on the conditions recommended by the board, is appropriate.

{¶ 36} Accordingly, we suspend Mattheuw William Oberholtzer from the practice of law for 12 months, and we stay the suspension on the conditions that he serve a 12-month period of monitored probation, in accordance with Gov.Bar R. V(9), that he complete a three-hour continuing-legal-education course on law-office management within 90 days, and that he commit no further misconduct. If Oberholtzer fails to comply with the conditions of the stay, the stay will be lifted and he will serve the entire 12-month suspension. Costs are taxed to Oberholtzer.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacey Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Mattheuw William Oberholtzer, pro se.

_____