TRUMBULL COUNTY BAR ASSOCIATION v. YAKUBEK.

[Cite as *Trumbull Cty. Bar Assn. v. Yakubek*, 142 Ohio St.3d 455, 2015-Ohio-1570.]

(No. 2014–1379—Submitted January 14, 2015—Decided April 29, 2015.)

---

Per Curiam.

{¶ 1} Respondent, Nancy Ellen Yakubek of Warren, Ohio, Attorney Registration No. 0023651, was admitted to the practice of law in Ohio in 1983.

{¶ 2} On March 11, 2013, a probable-cause panel of the Board of Commissioners on Grievances and Discipline[1] certified a complaint against Yakubek to the board, alleging that she had neglected a client's bankruptcy matter and failed to reasonably communicate with the client. Relator, Trumbull County Bar Association, twice amended its complaint to allege that Yakubek engaged in the same type of conduct with three additional clients.

{¶ 3} The parties submitted joint stipulations of fact, misconduct, and aggravating and mitigating factors and agreed that a public reprimand is the appropriate sanction for Yakubek's misconduct. At the hearing, the panel heard testimony from Yakubek and Judge Pamela Rintala of the Trumbull County Family Court.

{¶ 4} The panel issued a report adopting the parties' stipulations of fact and misconduct. But the panel rejected the parties' stipulated sanction of a public reprimand and recommended that Yakubek be suspended for one year, all stayed on conditions. The board adopted the panel's report in its entirety. We adopt the board's findings of fact and misconduct and agree that a one-year suspension, all stayed on conditions, is the appropriate sanction for Yakubek's misconduct.

## Misconduct

{¶ 5} At issue are four bankruptcy matters that Yakubek agreed to handle on behalf of separate clients—Dawn Stulgis, Jeffrey Ford, Judith Huff, and Rachel Goss—who retained her between January 2010 and June 2012.

{¶ 6} Yakubek commenced bankruptcy actions on behalf of Ford and Huff but failed to timely submit proof that they had completed their required financial-management course—which resulted in the closure of Huff's case without a discharge of her debts. Yakubek also failed to take action to protect Huff after a foreclosure action was filed against her. Although Yakubek failed to timely respond to numerous calls from Ford and Huff, she eventually obtained final discharge of their bankruptcy proceedings in April 2013, and neither client suffered adverse financial consequences as a result of her delay.

{¶ 7} Yakubek never filed bankruptcy petitions on behalf of Stulgis or Goss, nor did she return numerous calls from those clients regarding the status of their matters. While Yakubek assured Stulgis that she would take care of complaints filed against her by her creditors, several default judgments resulted from Yakubek's inaction. And although Stulgis and Goss submitted written requests

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

for the return of their paperwork and unearned fees, Yakubek did not comply with their requests until after they filed grievances against her.

{¶ 8} The parties stipulated and the board found that Yakubek violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client) with respect to each of the charged counts and Prof.Cond.R. 1.4(a)(2) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished) with regard to the Stulgis, Huff, and Ford matters.[2] We adopt these findings of fact and misconduct.

## Sanction

{¶ 9} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc. Reg. 10(B).[3]

{¶ 10} The parties stipulated and the board found as aggravating factors that Yakubek engaged in a pattern of misconduct involving multiple offenses. *See* BCGD Proc.Reg. 10(B)(1)(c) and (d). The board also adopted the parties' stipulated factors in mitigation, including the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Yakubek's effort to rectify the consequences of her misconduct and to reimburse her clients for unearned legal fees and for expenses, her full cooperation with relator's investigation and her cooperative attitude towards this proceeding, and her good character and reputation among her peers and in the community. *See* BCGD Proc.Reg. 10(B)(2)(a) through (e).

{¶ 11} Yakubek testified regarding her extensive legal-aid and pro bono work. In a letter, Judge Terry F. Ivanchak of the Warren Municipal Court stated that Yakubek represents her clients completely, professionally, and in a timely manner and that the clients she has represented in his courtroom have reported that they are satisfied with her representation. Judge Ivanchak also praised her high ethical and moral standards and stated that he has never questioned her

---

2. Although relator charged Yakubek with violating Prof.Cond.R. 1.16 (requiring a lawyer to withdraw from representation of a client if the lawyer is discharged), it offered no evidence to prove that charge, and therefore we dismiss it.

3. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

integrity. Judge Pamela Rintala, a judge from the Trumbull County Family Court, testified regarding Yakubek's pro bono work, described her as a good attorney, and indicated that she had had no complaints about her.

{¶ 12} The parties stipulated that Yakubek's misconduct occurred during a period of time when she was trying to practice law solo and full-time while also providing nearly full-time care to her seriously ill father and sister. The board noted, however, that Yakubek's misconduct began in early January 2010 and continued through early 2013, but Yakubek testified that her father's illness began sometime in 2012 and that her sister's illness began in January 2013. Yakubek offered no further explanation or justification for her misconduct.

{¶ 13} The board discounted the cases cited by the parties in support of their recommendation that Yakubek be publicly reprimanded because, for the most part, each addresses the neglect of a single client matter. Yakubek, in contrast, neglected and failed to reasonably communicate with four separate clients, for a total of 15 violations of the Rules of Professional Conduct. Therefore, the board recommends that we impose a one-year suspension, all stayed on the conditions that Yakubek serve a one-year period of monitored probation, attend a continuing-legal-education seminar focused on law-office and case-file management, and commit no further misconduct.

{¶ 14} In support of that sanction, the board cited several cases in which we imposed one-year stayed suspensions on attorneys who neglected a few client matters, failed to reasonably communicate with clients, and either failed to cooperate in relator's investigation or failed to promptly deliver funds to which their clients were entitled. *See Disciplinary Counsel v. Brueggeman*, 128 Ohio St.3d 206, 2010-Ohio-6149, 943 N.E.2d 509; *Cleveland Metro. Bar Assn. v. Fonda*, 138 Ohio St.3d 399, 2014-Ohio-850, 7 N.E.3d 1164; and *Allen Cty. Bar Assn. v. Brown*, 124 Ohio St.3d 530, 2010-Ohio-580, 925 N.E.2d 112.

{¶ 15} We acknowledge that Yakubek has fully cooperated in the disciplinary process—unlike many of the respondents in the cases cited by the board. We note, however, that her misconduct involved the neglect of four client matters and corresponding failure to communicate with those clients, and that like Fonda, she failed to return unearned fees to two of her clients until after they had filed grievances against her. We also share the board's concern that Yakubek's misconduct predates the family problems that she testified are to blame for her ethical lapses. Despite these differences, we agree that Yakubek's misconduct is comparable to that of attorneys Brueggeman, Fonda, and Brown, and agree that the appropriate sanction for Yakubek's misconduct is a one-year suspension from the practice of law, all stayed on the conditions that she serve a one-year period of monitored probation, attend a continuing-legal-education seminar on law-office and case-file management, and engage in no further misconduct.

{¶ 16} Accordingly, Nancy Ellen Yakubek is suspended from the practice of law in Ohio for one year, all stayed on the conditions that she serve a one-year period of monitored probation in accordance with Gov.Bar R. V(21), attend a continuing-legal-education seminar on law-office and case-file management, and engage in no further misconduct. Costs are taxed to Yakubek.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

———

Randil J. Rudloff, for relator.

Steven G. Janik and Audrey K. Bentz, for respondent.