[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Bennett,* Slip Opinion No. 2016-Ohio-3045.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3045

DISCIPLINARY COUNSEL *v.* BENNETT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Bennett,* Slip Opinion No. 2016-Ohio-3045.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct and the Rules for the Government of the Bar—Conditionally stayed one-year suspension.*

(No. 2015-2004—Submitted January 27, 2016—Decided May 19, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-027.

_____

**Per Curiam.**

{¶ 1} Respondent, Daniel Lee Bennett of Springfield, Ohio, Attorney Registration No. 0071965, was admitted to the practice of law in Ohio in 2000. Relator, disciplinary counsel, has charged him with professional misconduct for, among other things, neglecting client matters, misusing his client trust account, and

failing to cooperate in the ensuing disciplinary investigation. Based on the parties' stipulations and Bennett's testimony at a hearing before a three-member panel of the Board of Professional Conduct, the board found that he had engaged in some of the charged misconduct and recommends that we impose a conditionally stayed one-year suspension. Neither party has filed objections to the board's report and recommendation. Based on our independent review of the record, we agree with the board's findings of misconduct and the recommended sanction.

**Misconduct**

*Count one—The Wilson matter*

{¶ 2} In February 2013, Bennett met with Brittany M. Wilson ("Brittany") to discuss the possibility of representing her in a marital dissolution or divorce proceeding. During that meeting, Bennett and Brittany discussed the documents that she would need for a dissolution, the issues that were most important to her, and what she had hoped to achieve. After the meeting, Brittany decided to retain a different attorney.

{¶ 3} Less than four weeks later, in March 2013, Brittany's husband, Charles Joseph Wilson ("Joe"), retained Bennett to represent him in the same matter. Bennett, however, failed to inform Joe that he had previously met with Brittany. Nor did Bennett discuss the potential conflict of interest with Brittany or Joe or obtain written waivers from them of the conflict. Instead, Bennett called Brittany and informed her that Joe had retained him. During that telephone conversation, Brittany advised Bennett that she had since hired other counsel, but he continued to discuss the dissolution proceeding with her. Indeed, he noted that based on his previous discussion with her, he believed that she and her husband were close to reaching a dissolution agreement.

{¶ 4} The Wilsons, however, could not reach an agreement, and in October 2013, Bennett filed a complaint for divorce on Joe's behalf. Bennett later recognized that because of his prior consultation with Brittany, he had to withdraw

2

as Joe's counsel. Bennett also agreed to refund the unearned portion of Joe's retainer, which amounted to $327.50. However, at his disciplinary hearing, Bennett explained that because his former law firm had issued the refund check, he could not confirm whether Joe had actually received it.

**{¶ 5}** Based on this record, the board found that Bennett had violated Prof.Cond.R. 1.18(c) (prohibiting a lawyer from representing a client with interests materially adverse to those of a prospective client in the same matter if the lawyer had received information from the prospective client that could be significantly harmful to that person, unless the lawyer obtains informed consent, confirmed in writing, from both the affected client and the prospective client) and 4.2 (prohibiting a lawyer from communicating about the subject of his or her representation of a client with a person known to be represented by another lawyer in the matter). We agree with these findings of misconduct.

*Count two—The Williams matter*

**{¶ 6}** In December 2013, Wayne E. Williams hired Bennett to represent him in several domestic-relations matters. In one of those matters, Williams requested that Bennett immediately file a divorce complaint against Williams's wife. Although Bennett completed other legal work for Williams, he failed to initiate the divorce proceeding. Consequently, Williams terminated Bennett's services. Bennett claims that he sent Williams a refund check for $250, but Williams never received it. Based on this conduct, the board found that Bennett had violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client). We agree.

*Count three—Client-trust-account violations*

**{¶ 7}** In January 2015, relator received notice that Bennett had overdrawn his client trust account by $43.28. Between January and March 2015, relator sent Bennett three letters of inquiry requesting information about the overdraft and records for his client trust account. Bennett, however, failed to respond to any of

relator's letters. After relator filed the disciplinary complaint, Bennett admitted that he had made personal purchases from his client trust account, that he had not maintained a general ledger for the account or individual client ledgers for each client who had funds in the account, and that he had failed to perform monthly reconciliations of the account.

**{¶ 8}** Based on this conduct, the board found that Bennett had violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 1.15(a)(2) and (3) (requiring a lawyer to maintain detailed records for the lawyer's client trust account and for each client on whose behalf funds are held in the account), 1.15(a)(5) (requiring a lawyer to perform a monthly reconciliation of the funds held in the lawyer's client trust account), and 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and Gov.Bar R. V(9)(G) (requiring a lawyer to cooperate with a disciplinary investigation). We concur with the board's findings of misconduct.

*Count four—The Parson matter*

**{¶ 9}** In March 2013, Billy W. and Senora Sue Parson retained Bennett to represent them in a foreclosure action. As part of that litigation, the Logan County Treasurer filed a cross-claim against the Parsons for unpaid property taxes. The Parsons advised Bennett that they needed a payment plan or a deferred due date to pay the past-due taxes. Bennett, however, stopped speaking to the Parsons in mid-December 2013. Specifically, he failed to respond to the Parsons' telephone calls seeking information about their case, and he failed to notify them of significant developments in the matter, including that a sheriff's sale of their property had been scheduled.

**{¶ 10}** The Parsons filed a grievance against Bennett, and relator sent him three separate letters of inquiry regarding the grievance. Bennett, however, failed

to respond to the three letters. Based on this conduct, the board found that Bennett had violated Prof.Cond.R. 1.4(a)(3) and (4) (requiring a lawyer to keep the client reasonably informed about the status of a matter and to comply as soon as practicable with reasonable requests for information from the client) and 8.1(b) and Gov.Bar R. V(9)(G). We agree.

*Count five—Repeated failures to appear in court-appointed cases*

{¶ 11} Between March 30 and April 6, 2015, Bennett failed to appear for 16 separate hearings or status conferences in cases in which the Logan County Court of Common Pleas had appointed him to represent indigent criminal defendants. The common pleas court thereafter ordered that Bennett personally appear for a show-cause hearing to explain his actions, but Bennett also failed to appear for that hearing. Instead, Bennett sent a letter to the court indicating that due to personal reasons, he could no longer adequately represent those clients. At his disciplinary hearing, Bennett testified that he was having family problems at that time.

{¶ 12} Based on this conduct, the board found that Bennett had violated Prof.Cond.R. 1.3, 1.16(c) (prohibiting a lawyer from withdrawing from representation in a proceeding without leave of court if the rules of the tribunal so require), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). We concur in the board's findings of misconduct with respect to this count.

{¶ 13} Finally, we also dismiss the remaining charges in the amended complaint that relator agreed to dismiss prior to the panel hearing.

**Sanction**

{¶ 14} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination,

we also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13).

{¶ 15} The board found only one aggravating factor—that Bennett had committed multiple offenses. *See* Gov.Bar R. V(13)(B)(4). In mitigation, the board noted that Bennett has no disciplinary record, he lacked a dishonest or selfish motive, and he made full and free disclosure to the board. *See* Gov.Bar R. V(13)(C)(1), (2), and (4).

{¶ 16} In light of these mitigating factors, the parties jointly recommended that Bennett serve a stayed one-year suspension. To support their recommendation, the parties cited a number of cases with similar misconduct and mitigating factors, including *Disciplinary Counsel v. Brueggeman*, 128 Ohio St.3d 206, 2010-Ohio-6149, 943 N.E.2d 509 (imposing a conditionally stayed one-year suspension on an attorney who had neglected four client matters, failed to promptly return one client's money, and failed to respond to relator's repeated letters of inquiry; the attorney had no prior discipline and lacked a dishonest or selfish motive) and *Disciplinary Counsel v. Oberholtzer*, 136 Ohio St.3d 314, 2013-Ohio-3706, 995 N.E.2d 217 (imposing a conditionally stayed one-year suspension on an attorney who had neglected two client matters, failed to deposit a client's retainer into his client trust account, and failed to respond to relator's repeated letters of inquiry; the attorney had no prior discipline and lacked a dishonest or selfish motive).

{¶ 17} The board accepted the parties' recommendation of a stayed one-year suspension, but it also expressed concern for Bennett's failure to show remorse for his indigent clients who were forced to appear in court without the benefit of appointed counsel. The board also noted that Bennett was unable to confirm whether two of his former clients—Joe Wilson and Wayne Williams—had received their refund checks. Accordingly, the board recommends that we impose several conditions on the stayed suspension, including that Bennett submit to an evaluation by the Ohio Lawyers Assistance Program ("OLAP"), that he serve a period of

monitored probation so that a mentor may instruct him on the proper operation of a law practice, and that he provide proof that his former clients received their refund checks.

{¶ 18} As we have previously explained, "we tailor the conditions for staying a suspension to the causes of the attorney's misconduct." *Oberholtzer* at ¶ 35. Here, having considered Bennett's misconduct, the aggravating and mitigating factors, and the sanctions imposed in comparable cases, we find that the board's recommended conditionally stayed one-year suspension is appropriate.

**Conclusion**

{¶ 19} Daniel Lee Bennett is hereby suspended from the practice of law for one year, with the entire suspension stayed on the following conditions: (1) within 30 days of the court's disciplinary order, Bennett must inquire with his former law firm and report to relator the status of the firm's refund check to Joe Wilson, and if the check has never been cashed or the funds have not been remitted to the Ohio Department of Commerce, Division of Unclaimed Funds, Bennett shall, within 60 days of the court's disciplinary order, provide proof to relator that he has remitted $327.50 to Joe Wilson or to the Division of Unclaimed Funds; (2) within 30 days of the court's disciplinary order, Bennett must provide proof to relator that he has remitted $250 either to Wayne Williams or to the Division of Unclaimed Funds; (3) within 30 days of the court's disciplinary order, Bennett must contact OLAP to schedule an evaluation and promptly and fully comply with all recommendations made by that program; (4) Bennett must serve a three-year period of monitored probation during which he must cooperate and work with the monitor, who shall act as a mentor and provide guidance to Bennett regarding the proper operation and management of a law practice; (5) during the first 12 months of Bennett's probationary period, he must complete at least six hours of continuing-legal-education courses approved by relator on law-office management and operations; and (6) he shall commit no further misconduct. If Bennett fails to comply with any

condition of the stay, the stay will be lifted and he will serve the entire one-year suspension.  Costs are taxed to Bennett.

Judgment accordingly.

PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and LANZINGER, J., dissent and would suspend respondent for 18 months, with 12 months stayed on conditions.

_____

Scott J. Drexel, Disciplinary Counsel, for relator.

Daniel Lee Bennett, pro se.

_____