**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Butler Cty. Bar Assn. v. Blauvelt*, **Slip Opinion No. 2020-Ohio-3325.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3325

BUTLER COUNTY BAR ASSOCIATION *v.* BLAUVELT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Butler Cty. Bar Assn. v. Blauvelt*, Slip Opinion No. 2020-Ohio-3325.]**

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct, namely, engaging in conduct that adversely reflects on the lawyer's fitness to practice law—Conditionally stayed two-year suspension.*

(No. 2020-0226—Submitted April 8, 2020—Decided June 17, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-028.

_____

**Per Curiam.**

{¶ 1} Respondent, Scott Nicholas Blauvelt, of Hamilton, Ohio, Attorney Registration No. 0068177, was admitted to the practice of law in Ohio in 1997.

{¶ 2} In June 2019, relator, Butler County Bar Association, charged Blauvelt with violating Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in

conduct that adversely reflects on the lawyer's fitness to practice law) after he pleaded guilty to charges of public indecency and reckless operation of a vehicle. The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors and jointly recommended that Blauvelt serve a conditionally stayed two-year suspension. Blauvelt and three medical professionals testified at a hearing before a panel of the Board of Professional Conduct, and the board has issued a report finding that Blauvelt engaged in the stipulated misconduct and recommending that we impose the parties' agreed-upon sanction, with a few modifications to the conditions of the stay. Neither party has filed objections to the board's report.

{¶ 3} Based on our review of the record, we agree with the board's finding of misconduct and adopt its recommended sanction.

**Misconduct**

{¶ 4} Blauvelt has a history of public nudity. In 2006, when he was the Hamilton city prosecutor, security cameras recorded him naked after hours in the government building housing the prosecutor's office. He was charged with public indecency, but the case was dismissed based on a speedy-trial violation. The city nonetheless terminated Blauvelt's employment.

{¶ 5} In March 2018, an officer stopped Blauvelt's vehicle for a headlight violation and observed that Blauvelt was naked. No charges were filed as a result of that incident.

{¶ 6} In October 2018, the Ohio State Highway Patrol received a report that a motorist was masturbating while driving. A state trooper stopped Blauvelt's vehicle and found him naked, with pants covering his lap. After talking with Blauvelt, the trooper suspected that Blauvelt was intoxicated and arrested him.

{¶ 7} Blauvelt was charged with public indecency in the Lebanon Municipal Court and with operating a vehicle while under the influence of alcohol or drugs in the Franklin Municipal Court. He later pleaded guilty to the public-

indecency offense, and the Lebanon court sentenced him to a suspended 30-day jail term and ordered him to pay a fine and serve a one-year term of nonreporting probation. In the Franklin court, Blauvelt pleaded guilty to an amended charge of reckless operation of a vehicle, and the court sentenced him to a suspended three-day jail term and ordered him to pay a fine and complete a driver-intervention program.

{¶ 8} During his disciplinary proceedings, Blauvelt acknowledged that there had been other occasions on which he drove his vehicle while naked but was not detected by authorities.

{¶ 9} Based on the above conduct, the parties stipulated and the board found that Blauvelt violated Prof.Cond.R. 8.4(h). *See Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21 (explaining that Prof.Cond.R. 8.4(h) is a catchall provision and that when a lawyer's conduct is not specifically prohibited by the Rules of Professional Conduct, he may be found to have violated Prof.Cond.R. 8.4(h) if he engaged in misconduct that adversely reflects on his fitness to practice law). We agree with the board's finding of misconduct.

## Sanction

{¶ 10} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 11} As for aggravating factors, the board found that Blauvelt had engaged in a pattern of misconduct and submitted a false statement during the disciplinary process. *See* Gov.Bar R. V(13)(B)(3) and (6). To support the finding of a false statement, the board noted that during Blauvelt's initial evaluation with Stuart W. Bassman, Ed.D., a psychologist who evaluated Blauvelt for a potential sexual disorder, Blauvelt disclosed only the October 2018 incident, which had led

to his criminal convictions, and intentionally withheld his prior incidents of public nudity. At the time of the evaluation, Blauvelt knew that Dr. Bassman would be providing his assessment to relator as part of the disciplinary investigation. Although Blauvelt ultimately fully disclosed his prior conduct to Dr. Bassman in a supplemental evaluation, the board found—and we agree—that Blauvelt's omissions during his initial evaluation constitute an aggravating factor.

{¶ 12} As for mitigation, the board found that Blauvelt has a clean disciplinary record, he had had a cooperative attitude toward the disciplinary proceedings, he had submitted evidence of good character or reputation, other penalties had been imposed for some of his misconduct, and he had expressed sincere remorse. *See* Gov.Bar R. V(13)(C)(1), (4), (5), and (6).

{¶ 13} Blauvelt also demonstrated the existence of a qualifying mental disorder. *See* Gov.Bar R. V(13)(C)(7). As noted above, three medical professionals testified at Blauvelt's disciplinary hearing: his psychiatrist, Michael Miller, M.D.; his psychologist, Chris Modrall, Ph.D.; and Dr. Bassman, who had evaluated Blauvelt for a potential sexual disorder. In 2005, Blauvelt was diagnosed with bipolar disorder, and Dr. Miller has been treating him with medication since 2006. Dr. Modrall has been treating Blauvelt with psychotherapy periodically since 2011. Dr. Miller more recently diagnosed Blauvelt with alcoholism.

{¶ 14} According to Dr. Miller, a combination of Blauvelt's bipolar disorder, episodic alcohol abuse, and other personality factors contributed to cause the misconduct in this case. Dr. Miller and Dr. Modrall testified that Blauvelt has sustained periods of successful treatment for bipolar disorder with medication and psychotherapy. However, because Blauvelt's episodic alcohol abuse came to light more recently, he has not yet been properly treated for alcoholism. Dr. Miller and Dr. Modrall therefore recommended that Blauvelt undergo a chemical-dependency evaluation to determine the best course of treatment for that affliction. Both Dr. Miller and Dr. Modrall concluded that despite the mental and substance-use

disorders, if Blauvelt obtains treatment for his issues with alcohol and continues his treatment regimen for bipolar disorder, he will be fit to practice law.

{¶ 15} Dr. Bassman concluded that Blauvelt does not appear to have any type of paraphilia, such as exhibitionism. In accord with the findings of Blauvelt's mental-health practitioners, Dr. Bassman concluded that Blauvelt's misconduct in this case was a result of his bipolar disorder and alcohol abuse and that he can function as a lawyer as long as he continues with treatment for his mental disorder and abstains from alcohol.

{¶ 16} For his part, Blauvelt admitted that although he has mostly managed his bipolar disorder, his alcohol abuse—more specifically, his binge drinking—has at times diminished his ability to moderate his behavior. Blauvelt testified that in addition to continuing his treatment for bipolar disorder, he had abstained from alcohol since June 2019, started attending Alcoholic Anonymous ("AA") meetings, and entered into a contract with the Ohio Lawyers Assistance Program ("OLAP").

{¶ 17} In crafting its recommended sanction, the board found the facts in *Columbus Bar Assn. v. Linnen*, 111 Ohio St.3d 507, 2006-Ohio-5480, 857 N.E.2d 539, the most similar to those here. In *Linnen*, an attorney shocked at least 30 different women by appearing before each of them naked and photographing their reactions. The attorney also tapped or pinched some women's buttocks. *Id.* at ¶ 3. He later pleaded guilty to 53 misdemeanors, including multiple counts of sexual imposition and public indecency. We found the existence of several aggravating factors, including that the attorney had not genuinely acknowledged the wrongful nature of his conduct or the trauma he had caused to his victims. *Id.* at ¶ 9, 23-24. We also declined to find his purported sex addiction to be a mitigating factor, suspecting that he had sought the diagnosis merely to raise it in his defense to the disciplinary and criminal charges. *Id.* at ¶ 22. Based on those circumstances, we indefinitely suspended him from the practice of law. *Id.* at ¶ 33.

{¶ 18} The board found several key differences between the facts here and those in *Linnen* that weigh in favor of a far less severe sanction in this case. Most notably, Blauvelt established a mitigating mental disorder, demonstrated remorse, and "genuinely appear[ed] committed to ongoing treatment." The board also observed that whereas Linnen had targeted female victims, Blauvelt did not appear to have targeted anyone.

{¶ 19} Considering that none of Blauvelt's clients were harmed by his misconduct and nothing in the record indicates that his disorders—when controlled—affect his ability to competently and ethically practice law, the board accepted the parties' proposed sanction of a stayed two-year suspension. The board recommends conditioning the stay on Blauvelt's abstaining from alcohol, undergoing a chemical-dependency evaluation, following any directives from his mental-health practitioners resulting from that evaluation, and serving a five-year period of monitored probation to ensure that he continues his recovery and maintains sobriety.

{¶ 20} "We have consistently recognized that 'the goal of disciplinary proceedings is not to punish the errant lawyer, but to protect the public.' " *Disciplinary Counsel v. Corner*, __ Ohio St.3d __, 2020-Ohio-961, __ N.E.3d __, ¶ 21, quoting *Toledo Bar Assn. v. Hales*, 120 Ohio St.3d 340, 2008-Ohio-6201, 899 N.E.2d 130, ¶ 21. We have also previously explained that "we tailor the conditions for staying a suspension to the causes of the attorney's misconduct." *Disciplinary Counsel v. Oberholtzer*, 136 Ohio St.3d 314, 2013-Ohio-3706, 995 N.E.2d 217, ¶ 35. With those purposes in mind—and considering the unique and fairly unprecedented circumstances of this case—we adopt the board's recommended sanction. The board's recommended conditions are properly tailored to address the causes of Blauvelt's misconduct and ensure that he adheres to his treatment regimens.

**Conclusion**

{¶ 21} Scott Nicholas Blauvelt is hereby suspended from the practice of law in Ohio for two years, with the suspension stayed in its entirety on the conditions that Blauvelt (1) comply with his OLAP contract, (2) maintain full compliance with his treatment plan as prescribed by his mental-health practitioners, (3) undergo a chemical-dependency evaluation and follow any treatment or counseling plan prescribed by his physician and mental-health practitioners as a result of that evaluation, (4) continue to abstain from the use of alcohol, (5) serve and successfully complete a five-year term of monitored probation pursuant to Gov.Bar R. V(21) to ensure compliance with his treatment and recovery protocol, and (6) refrain from further misconduct. If Blauvelt fails to comply with any of the conditions of the stay, the stay will be lifted and he will serve the entire two-year suspension. Costs are taxed to Blauvelt.

Judgment accordingly.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., not participating.

_____

Christopher J. Pagan, Bar Counsel, for relator.

Daniel J. Hurr, for respondent.

_____