**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Butler Cty. Bar Assn. v. Blauvelt*, Slip Opinion No. 2022-Ohio-2108.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2108

BUTLER COUNTY BAR ASSOCIATION *v*. BLAUVELT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Butler Cty. Bar Assn. v. Blauvelt*, Slip Opinion No. 2022-Ohio-2108.]**

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct, namely, engaging in conduct that adversely reflects on the lawyer's fitness to practice law—Indefinite suspension.*

(No. 2022-0149—Submitted March 29, 2022—Decided June 23, 2022.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2021-018.

————————

**Per Curiam.**

{¶ 1} Respondent, Scott Nicholas Blauvelt, of Hamilton, Ohio, Attorney Registration No. 0068177, was admitted to the practice of law in Ohio in 1997.

{¶ 2} On June 17, 2020, after Blauvelt pleaded guilty to charges of public indecency and reckless operation of a vehicle, we suspended Blauvelt from the practice of law for two years, with the entire suspension conditionally stayed, for

engaging in conduct that adversely reflected on his fitness to practice law. *Butler Cty. Bar Assn. v. Blauvelt*, 160 Ohio St.3d 333, 2020-Ohio-3325, 156 N.E.3d 891. And on September 25, 2020, we suspended Blauvelt for an interim period pursuant to Gov.Bar R. V(19)(B) upon finding that there was substantial, credible evidence demonstrating that he had engaged in conduct that violated the Ohio Rules of Professional Conduct and posed a substantial threat of serious harm to the public. *Butler Cty. Bar Assn. Certified Grievance Commt. v. Blauvelt*, 160 Ohio St.3d 1287, 2020-Ohio-4576, 159 N.E.3d 1198. That suspension remains in effect.

{¶ 3} In a June 2021 complaint, relator, the Butler County Bar Association, alleged that Blauvelt's convictions on three additional counts of public indecency adversely reflect on his fitness to practice law. The parties submitted stipulated facts and exhibits. After a hearing, a three-member panel of the Board of Professional Conduct issued a report finding that Blauvelt had committed the charged misconduct and recommending that he be indefinitely suspended from the practice of law with certain conditions on his being reinstated to the profession. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction. No objections have been filed. For the reasons that follow, we adopt the board's findings of misconduct and indefinitely suspend Blauvelt from the practice of law in Ohio.

## Misconduct

{¶ 4} Blauvelt's June 2020 stayed suspension arose from an October 2018 traffic stop during which it was discovered that he had been driving nude. *Blauvelt*, 160 Ohio St.3d 333, 2020-Ohio-3325, 156 N.E.3d 891, at ¶ 6-7. Blauvelt now admits that during the first seven months of that suspension, he was charged with three additional incidents of public indecency for driving nude and exposing himself to other motorists—twice while masturbating. He entered pleas of guilty or no contest and was found guilty of all three charges. His sentences included

fines; partially or fully suspended jail terms, which resulted in a 14-day jail stay; and terms of probation ranging from two to five years.

{¶ 5} Blauvelt admitted that in addition to the incidents that led to his criminal convictions, he had engaged in other similar incidents of public indecency for which he was not apprehended. However, none of his acts of public indecency have involved his clients.

{¶ 6} Since his most recent public-indecency conviction, Blauvelt has participated in the Butler County Area III Court, a mental-health court. In May 2021, he commenced a two-year outpatient treatment program for compulsive-sexual-behavior disorder. As part of that program, Blauvelt participates in weekly psychotherapy, alternating between individual and group sessions. He also attends Sex and Love Addicts Anonymous meetings (a 12-step program for sexual addiction) and continues to see a psychiatrist for treatment of his diagnosed bipolar disorder.

{¶ 7} At his disciplinary hearing, Blauvelt testified that he does not want to engage in any more acts of public indecency but conceded that he still wrestles with the urge to do so. He stated that he intends to complete the full two years of his outpatient treatment program and, after candidly acknowledging that his mental-health disorders will likely persist throughout his life, suggested that he may need to remain in treatment indefinitely.

{¶ 8} The board found that Blauvelt's conduct violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law, even though that conduct is not expressly prohibited by another rule). We adopt this finding of misconduct.

## Sanction

{¶ 9} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the

aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 10} The board found that three aggravating factors are present—Blauvelt has previously been disciplined for the same type of misconduct at issue in this case, acted with a dishonest or selfish motive, and engaged in a pattern of misconduct. *See* Gov.Bar R. V(13)(B)(1), (2), and (3). As for mitigating factors, the board found that Blauvelt exhibited a cooperative attitude toward the disciplinary proceedings and that other penalties and sanctions had been imposed for his misconduct. *See* Gov.Bar R. V(13)(C)(4) and (6). The board also found that Blauvelt expressed sincere remorse for his actions. Although Blauvelt presented evidence that he has a mental disorder that contributed to his misconduct and that he had been receiving treatment for that disorder for more than six months, the board did not afford any mitigating effect to that disorder, because Blauvelt did not offer a prognosis from a qualified healthcare professional that he would be able to return to the competent, ethical, and professional practice of law at a specific time in the future, *see* Gov.Bar R. V(13)(C)(7).

{¶ 11} Relator recommended that Blauvelt be indefinitely suspended from the practice of law, and the board agreed with that recommendation. The board noted that we have repeatedly held that " 'in determining the appropriate length of the suspension and any attendant conditions, we must recognize that the primary purpose of disciplinary sanction is not to punish the offender, but to protect the public.' " *Disciplinary Counsel v. Agopian*, 112 Ohio St.3d 103, 2006-Ohio-6510, 858 N.E.2d 368, ¶ 10, quoting *Disciplinary Counsel v O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 53. Here, the board was troubled by the fact that Blauvelt's misconduct continued even though he (1) had previously been disciplined for virtually identical conduct, (2) found the circumstances of his conduct to be personally and professionally embarrassing, and (3) knew he was causing harm to others. The board noted that while Blauvelt may eventually find a

way to discontinue his compulsive behavior through therapy and medication, it is evident that he has not yet achieved that goal and cannot offer any assurance that he will not engage in the same or similar conduct in the future.

{¶ 12} The board found our decision in *Columbus Bar Assn. v. Linnen*, 111 Ohio St.3d 507, 2006-Ohio-5480, 857 N.E.2d 539, to be instructive. Linnen shocked multiple unsuspecting women by appearing before them naked and photographing their reactions. *Id*. at ¶ 3. He pleaded guilty to 53 misdemeanor offenses arising from his misconduct. *Id*. at ¶ 5. Aggravating factors consisted of Linnen's dishonest and selfish motive, pattern of misconduct, and multiple offenses. *Id*. at ¶ 8. As for mitigation, Linnen had no prior discipline, cooperated in the disciplinary process, and presented some evidence of his good character apart from his crimes. *Id.* at ¶ 18.

{¶ 13} Like Blauvelt, Linnen established that he had been diagnosed with a mental disorder that contributed to cause his misconduct. *Id*. at ¶ 12. Linnen also submitted proof that he had been successfully treated for his disorder and that in his treating psychologist's opinion, he could ethically and competently resume the practice of law. However, we declined to attribute any mitigating effect to his purported diagnosis, because his psychological profile suggested that he may have feigned illness to procure a prognosis that would be advantageous to him in the criminal and disciplinary proceedings and he declined to take medication recommended to treat that disorder. *Id.* at ¶ 14, 22. We also noted that Linnen's professions of remorse focused primarily on the effects that his misconduct had had on him and his family—rather than the effect it had had on his victims. *Id.* at ¶ 23-24. Based on all the circumstances in that case, we indefinitely suspended Linnen from the practice of law.

{¶ 14} In contrast to *Linnen*, Blauvelt has expressed sincere remorse for his misconduct, accepted his mental-health diagnoses, and earnestly embraced the recommended treatment regimen for those disorders. Although his misconduct has

resulted in just four criminal convictions—compared to 53 in *Linnen*—Blauvelt has acknowledged that he was not apprehended for every act of misconduct and that he still struggles with the urge to engage in that illicit behavior. Moreover, he has readily acknowledged that those struggles will likely be lifelong.

{¶ 15} After reviewing the record in this case and our precedent, we agree that an indefinite suspension is the appropriate sanction to protect the public and ensure that Blauvelt cannot resume the practice of law until he is able to conform his conduct to the ethical and professional standards incumbent on lawyers in this state.

{¶ 16} Accordingly, Scott Nicholas Blauvelt is indefinitely suspended from the practice of law in Ohio. In addition to the requirements for reinstatement set forth in Gov.Bar R. V(25), and consistent with the conditions imposed in *Blauvelt*, 160 Ohio St.3d 333, 2020-Ohio-3325, 156 N.E.3d 891, Blauvelt shall be required to demonstrate his continued abstinence from alcohol use and submit proof that he is in full compliance with the treatment plan prescribed by his mental-health practitioners and the Butler County Area III Court. Upon reinstatement to the practice of law, Blauvelt shall be required to serve a period of monitored probation in accordance with Gov.Bar R. V(21) to ensure his ongoing compliance with his recovery protocol; the duration and terms of his probation will be determined as part of his reinstatement proceeding. Costs are taxed to Blauvelt.

Judgment accordingly.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., not participating.

_____

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for relator.

Daniel J. Hurr, for respondent.

_____